DOUCET, Judge.
This is an appeal from a trial court’s ruling in a non-jury trial which granted the defendants’ motion for judgment of dismissal following the close of the plaintiffs’ evidentiary presentation.
The plaintiffs, the wife and children of Willie E. Brunson, brought a wrongful death and survival action for the death of their husband and father, who was injured in an automobile accident on February 5, 1985 in Jena, Louisiana. Made defendants in the suit were the City of Jena, its insurer, and G.W. Collins.
The plaintiffs’ petition alleges that: On the night of the accident, Brunson was *376 driving west on U.S. Highway 84 and at the time was behind and following a tractor-trailer rig being driven by Lopez M. Wilson. At the same time, a pickup truck, owned and being driven by Curtis L. Taylor, was behind and following the Brunson vehicle. At about 9:48 p.m., a police vehicle owned by the City of Jena and being driven by police officer Collins, was passing the Taylor and Brunson vehicles in an attempt to overtake the Wilson vehicle. While Collins was in the eastbound lane during the passing maneuver, he was confronted by eastbound traffic which forced him to veer back quickly into the westbound lane, causing Brunson to apply his brakes in order to avoid a collision. At this point, the Brunson vehicle was struck from the rear by the Taylor vehicle, knocking the Brunson vehicle into the Wilson vehicle. Collins was in the course and scope of his employment with the City of Jena at the time of the accident. The negligence of Collins was a contributing and proximate cause of Brunson’s injuries and death.
During the trial, the plaintiffs attempted to expand the pleadings by trying to introduce evidence to support a theory that, after the Wilson vehicle was stopped by Collins and both vehicles were pulled off on the shoulder of the road, Collins negligently opened his car door, which blocked Brun-son’s path and necessitated that Brunson apply his brakes. A timely objection to expansion of the pleadings was sustained by the trial court. The trial court then denied plaintiffs’ oral motion for leave of court to file an amended petition. The trial court then allowed introduction, for impeachment purposes, of the evidence objected to by the defendants.
After the close of the plaintiff’s eviden-tiary presentation, the defendants moved for an involuntary dismissal. The trial court sustained the motion and dismissed the plaintiffs’ suit.
From the judgment of the trial court dismissing the suit, plaintiffs appeal, specifying three assignments of error: (1) The trial court erred when it sustained defendants’ objection to the testimony of Charles Berry on the grounds that it tended to expand the pleadings; (2) The trial court erred when it did not allow leave of court for plaintiffs to amend their petition; and (3) The trial court erred when it granted defendants’ oral motion for an involuntary dismissal of plaintiffs’ suit.
A discussion of the third assignment of error pretermits discussion of the other two.
STANDARD FOR INVOLUNTARY DISMISSAL
The authority for a trial court to render a judgment of dismissal is derived from LSA-C.C.P. art. 1672 B., which provides:
“B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
And in Bradley v. Hunter, 413 So.2d 674, 676 (La.App. 3rd Cir.1982), writ denied, 415 So.2d 952 (La.1982), this court stated:
“When a motion for a dismissal is filed under this provision, the proper standard to be applied by the trial court, in ruling upon the motion, differs from the standard to be used when a motion for a directed verdict is filed in a jury trial. In a non-jury trial, the trial judge, upon a motion under art. 1810(B) [present art. 1672 B.] for a judgment of dismissal (upon completion of the plaintiff's case), must weigh and evaluate all of the evidence presented up to that point in the trial and must grant dismissal if the plaintiff has not established proof by a preponderance of the evidence.”
With this standard in mind, we examine the facts to determine whether the trial court was correct in holding that the plaintiffs failed to prove their case by a preponderance of the evidence.
*377 SUFFICIENCY OF PLAINTIFFS’ EVIDENCE
Initially, we find that it is clear from the testimony introduced at trial that the accident did not happen in the manner alleged in the plaintiffs’ petition.
The uncontradicted testimony of various witnesses indicated that: The tractor-trailer rig was stopped on the shoulder of the road with the police vehicle behind it at the time the accident occurred. Both the tractor-trailer rig and the police vehicle were completely out of the westbound lane of the traveled portion of the road. There was a lapse of time between the stopping of the vehicles and the accident sufficient to allow Collins to radio the police station to report that he had stopped a vehicle and the location of the “stop”. The emergency flashing lights of the police vehicle were operating for the entire time that the vehicles were stopped. The vehicles were stopped at a location that allowed Brunson an unobstructed view of the flashing lights from a significant distance.
Collins’s testimony indicated that he had just started to get out of his vehicle, but had not yet opened the door, when he heard Brunson’s tires squealing immediately before the Taylor vehicle struck the rear of the Brunson vehicle. This was corroborated by Wilson who indicated that he was sitting in his vehicle waiting for the officer to approach him to issue him a traffic citation. Wilson stated that he was looking at the officer in his rear view mirror when he heard Brunson’s tires squealing and looked out and saw the Brunson vehicle nose down from the sudden braking immediately before the collision. Also, when Wilson was asked if there was any reason that the Brunson vehicle could not have stayed in its own lane of travel and passed both the police vehicle and the tractor-trailer rig, he responded, “No, sir, it was nothing to interfere with his traveling at all”.
Thus, it is clear that the accident could not have happened as alleged in the plaintiffs’ petition.
During the trial, plaintiffs attempted to introduce the testimony of Charles Berry to show that Collins had actually opened his door, thus causing Brunson to slam on his brakes. The defendants objected to this testimony as an expansion of the pleadings and the trial court sustained this objection. However, the trial court allowed the testimony for the purpose of impeaching Collins’s testimony.
Berry is an investigator1 for the LaSalle Parish District Attorney’s Office. He had interviewed Collins in July of 1985 when possible criminal charges were pending against Taylor. Berry refreshed his memory by looking at notes he had taken during this interview. Berry testified that Collins had told him that "... he was just getting out of his car and Brunson slammed on his brakes and Taylor hit him from behind knocking the Brunson car into the truck.”
Although the trial judge sustained an objection to this testimony as an expansion of the pleadings, he nevertheless considered it in rendering his judgment. In his oral reasons for judgment, the trial judge stated:
“... Even considering the question of whether or not the door was opened by Mr. Collins and this was in fact the cause of the accident: first, the court cannot consider that because that was not pled in the pleadings. The pleadings indicate an entirely different type of accident. But, second, even considering that, Mr. Collins indicated that he did not. I appreciate Mr. Wilson’s evidence, Mr. Wilson’s testimony to be basically the same, and even the rebuttal witness that was presented this morning was very, very vague in his particular testimony of the accident. And that Mr. Berry basically testified that the only thing Mr. Collins told him: that he was just getting out of his car. If he had indicated that he had opened the door and was getting out of his car, it might be different but that could easily be construed as an individual who was reaching for the door handle to just get out of his car. I don’t think that that is sufficient to change the factual basis that has been presented to the court.
And no matter how much sympathy and no matter how much feeling that the *378 court may have for the loss suffered by Mrs. Brunson and her two children, the evidence is very clear to this court that the loss should not be borne by the Town of Jena.”
Thus, it is clear that the trial judge considered Berry’s testimony in rendering his judgment, regardless of whether or not he considered it an expansion of the pleadings. It is also clear that this testimony was vague and was contradicted by the testimony of Collins and Wilson.
Considering all of the evidence, we hold that plaintiffs have failed to prove any negligence on the part of Collins by a preponderance of the evidence. The trial judge was correct in dismissing the plaintiffs’ suit.
For the reasons assigned, the judgment of the trial court dismissing plaintiffs’ suit is affirmed. All costs are to be assessed against plaintiffs.
AFFIRMED.